[Doc. No. 153]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

JAMES HARRIS,

        Plaintiff,

      v.

STATE OF NEW JERSEY,
DEPARTMENT OF LAW & PUBLIC
SAFETY, DIVISION OF STATE
POLICE, et al.,

        Defendants.

Civil No. 03-2002 (RBK)

## OPINION AND ORDER

      This matter is before the Court on Plaintiff's "Motion for Sanctions" [Doc. No. 153] directed to defendants.  In ruling on Plaintiff's Motion the Court has received and considered defendants' opposition [Doc. No. 155] and numerous discovery briefs the parties previously served in the case.  Plaintiff's Motion not only asks for sanctions related to defendants' discovery responses, but it also asks the Court to Order additional discovery.  For the reasons to be discussed plaintiff's Motion is GRANTED in part and DENIED in part.  The Court exercised its discretion to decide plaintiff's Motion without oral argument.  See Fed. R. Civ. P. 78 and L. Civ. R. 78.1.

Background

      Plaintiff filed his original complaint in this matter on May 1, 2003 [Doc. No. 1].  Plaintiff is employed as a New Jersey

State Trooper and alleges that as early as December 2000, he complained about the promotional system in the New Jersey State Police ("NJSP"). Plaintiff alleges the process was discriminatory and permitted arbitrariness and favoritism. See id. at ¶19. Plaintiff also alleges that defendants attempted to intimidate and deter his testimony that could help another trooper who filed a lawsuit against the State Police. See id. at ¶¶21-23. In addition, plaintiff complains that he was retaliated against because of his complaints about witness intimidation. See id. at ¶29.

Throughout the history of this litigation, this Court, and the predecessor Magistrate Judge assigned the case, addressed the parties' numerous discovery disputes. One common theme running through plaintiff's written and oral arguments is that defendants did not produce all requested and relevant documents. Defendants counter that they produced all relevant discovery and that plaintiff's complaints are meritless. After this Court met with the parties on January 22, 2007 and addressed their outstanding discovery issues, it set a fact discovery deadline of February 28, 2007. See Amended Scheduling Order, Doc. No. 108 at ¶3. The Court also set a March 15, 2007 deadline for the parties to file dispositive motions. See id. at ¶5.

After the fact discovery deadline expired, defendants filed their Motion for Summary Judgment [Doc. No. 112] on March 15,

2007.  Unfortunately, however, defendants' Motion gave rise to another round of discovery disputes which continue to the present. These disputes arose from the fact that defendants produced new relevant documents after the close of the fact discovery deadline, and relied in their Motion for Summary Judgment upon one new document that was not previously produced.[1]  Despite defendants' arguments, there is no legitimate excuse for why the new documents were not produced earlier in the case.  There also is no question that the late production raised a legitimate issue regarding whether the defendants performed a thorough search for documents and information responsive to plaintiff's discovery requests.  On April 2, 2007, plaintiff filed his "Motion for Sanctions and Fees" related to the new documents [Doc. No. 127].  After the Court received defendants' opposition it heard oral argument on April 24,

---

1.  The new documents were bates-stamped DEF6685-6701.  The documents essentially contained background information and data comparing plaintiff's job performance to other troopers. The information in the documents and/or the documents themselves are unquestionably relevant to key issues in the case and should have been produced earlier by the defendants.  Since the outset of this case defendants have been aware that plaintiff is arguing that he was treated differently than similarly situated troopers. Therefore, it was imperative for plaintiff to obtain, and for defendants to produce in response to plaintiff's discovery requests, relevant information regarding the job performance of other troopers.  Further, the importance of the new information and documents is buttressed by the fact that defendants prepared some of the documents specifically for use in the defense of this litigation (defendants did not claim privilege), and defendants relied upon one of the documents in support of their Motion for Summary Judgment.  Moreover, defendants' Rule 30(b)(6) witness acknowledged that the new documents are relevant to important issues in the case. Sgt. Nunziato Tr. 22:11-23.

2007.  In order to address the inherent unfairness caused by defendants' late production of relevant documents, the Court granted in part and denied in part plaintiff's Motion [Doc. No. 134].  Although this Court denied plaintiff's request to bar defendants "from using any of the performance related [documents] ... recently supplied," the Court permitted plaintiff to depose defendants' Fed. R. Civ. 30(b)(6) witness to testify about, "who prepared the documents bates-stamped DEF 6685-6701, when the documents were prepared, why the documents were prepared, how, when and why the documents were used with regard to plaintiff, and the source of the information contained in the documents."  See Doc. No. 134.[2]  The Court made it perfectly clear at oral argument and

_____

2.  In order to assure plaintiff that all relevant documents were produced, the Court's Order also required defendants to produce an Affidavit from an authorized representative to the effect that:

> the State Police has reviewed all of plaintiff's interrogatories and document requests served in this case, that a reasonable investigation was done to identify all relevant and responsive information and documents, that all locations where responsive information could reasonably be expected to be located were searched, that all individuals who reasonably could be expected to know the identity and location of relevant documents regarding plaintiff were contacted in the search for documents, that to the extent any relevant and responsive documents were identified but not produced on the ground of privilege, the documents have been identified in a privilege log produced to plaintiff, that the State Police has satisfied the requirements in the foregoing paragraph in this Order, and that the State Police understands that it is under a continuing duty to supplement its discovery responses
> (continued...)

in its April 26, 2007 Order that while it would address the prejudice caused by defendants' late document production, it would not permit plaintiff to use the production as an excuse to take discovery that should have been completed before the expiration of the fact discovery deadline.  The Court could not have made it clearer that the defendants' Rule 30(b)(6) deposition was only intended to address new issues that arose from the late document production.

This Court Ordered defendants to produce a Rule 30 (b)(6) witness with the expectation that plaintiff would finally receive the assurances he needed that all relevant documents were produced. Subsequent to the issuance of the April 26 Order defendants produced notes authored by Lt. David B. Jillson that gave a diary account of his contacts and impressions of plaintiff from July 13, 2003 through January 1, 2007. Yet again, defendants produced relevant documents late and did not give an adequate explanation for why clearly relevant documents were not timely produced.

Defendants produced two Rule 30(b)(6) witnesses in response to this Court's Order.  Defendants produced Detective Sgt. Christopher Nunziato to testify about document numbers DEF6686-

---

2.  (...continued)
      if in the future relevant information and documents
      come to its attention that is responsive to plaintiff's
      discovery requests.

The Court has been informed that the Affidavit was produced.

6701.   Defendants also produced Lt. David B. Jillson to testify about document DEF6685.   Plaintiff's current Motion complains that the witnesses were unprepared and that defense counsel improperly limited the scope of plaintiff's questioning.

<u>Discussion</u>

Prior to addressing plaintiff's arguments it is important to appreciate the obligations imposed upon defendants pursuant to Fed. R. Civ. P. 30(b)(6).   Pursuant to this Rule, a party may take a deposition of an individual who is designated to testify on behalf of a company, corporation or government agency.   The testimony of a Rule 30(b)(6) witness is binding on the entity and goes beyond the individual's personal knowledge.   A corporation has an affirmative duty to produce a representative who can answer questions that are within the scope of the matters described in the notice.[3]   In <u>Bracco Diagnostics Inc. v. Amersham Health Inc.</u>, C.A. No. 03-6025 (SRC), 2005 U.S. Dist. LEXIS 26854, at *3 (D.N.J. 2005)(citations omitted), the Court succinctly summarized the benefits of a Rule 30(b)(6) deposition:

> A 30(b)(6) deposition more efficiently produces the most appropriate party for questioning, curbs the elusive behavior of corporate agents who, one after another, know nothing about facts clearly available within the organization and suggest someone else has the requested knowledge, and reduces the

---

3.  All references to a corporation's duty under Fed. R. Civ. P. 30(b)(6) also clearly apply to the duties of a governmental entity under the Rule.

number of depositions for which an organization's counsel must prepare agents and employees.

Further, the Court stated "[t]his effect is achieved through the cessation of finger-pointing and endless buck-passing; a 30(b)(6) deponent is required to know the answers, and the bucks stops with him/her." Id. at *3-4. See also Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d, §2103 at pp. 30-31 (2d Ed. 1994)(the parties seeking discovery may name the corporation as a deponent and "it is then the duty of the corporation to name one or more persons who consent to testify on its behalf and these persons must testify as to matters known or reasonably available to the corporation"; Reichold, Inc. v. United States Metal Refining Company, et al., C.A. No. 03-453 (DRD), 2007 U.S. Dist. LEXIS 34284, at *3 (D.N.J. 2007)(Rule 30(b)(6) does not require that the corporate designee personally conduct interviews, but requires that he "testify as to matters known or reasonably available to the organization"). Rule 30(b)(6) places the burden upon the deponent to "make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought ... and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed ... as to the relevant subject matters." Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Authority, 93. F.R.D. 62, 67 (D.P.R. 1981); see also Protection Nat. Ins. Co. of Omaha v. Commonwealth Ins. Co., 137

F.R.D. 267, 270 (D.C. Neb. 1989).  The duty of preparation goes beyond matters personally known to the designee or to matters in which the designee was personally involved, and if necessary the deponent must use documents, past employees or other resources to obtain responsive information.  United States v. Taylor, 166 F.R.D. 356, 361 (M.D.N.C. 1996).  See also Bank of N.Y. v. Meridien BIAO Bank Taz. Ltd., 171 F.R.D. 135, 151 (S.D.N.Y. 1997).

With this background the Court will address the arguments in Plaintiff's Motion.  Plaintiff's Motion complains that defendants' Rule 30(b)(6) deponents were unprepared and unresponsive.  The Court has read the defendants' deposition transcripts and will rule on plaintiff's objections.

1.  Plaintiff complains that Sgt. Nunziato refused to give his home address which is needed if a trial subpoena must be served.  The Court DENIES plaintiff's Motion on this point.  Sgt. Nunziato identified an address at which he receives mail.  Tr. 6:10-16.  In addition, defendants agreed to produce Sgt. Nunziato's address for service of process if he is no longer working for defendants at the time of trial.  The Court agrees that Sgt. Nunziato has a legitimate reason for not revealing his home address in a deposition transcript that will become part of the public record.

2.  Plaintiff complains that Sgt. Nunziato did not answer the question, "How did you go about determining who in the State

8

Police organization have documents responsive to a particular request?" Plaintiff's application on this point is DENIED. As noted, defendants' Rule 30(b)(6) deposition was limited to the new documents defendants produced. Plaintiff's question is beyond the scope of the Court Ordered deposition.[4]

      3. Plaintiff objects that Sgt. Nunziato did not answer questions about the affidavit signed by Det. Wayne Korte pursuant to the April 26, 2007 Court Order. (See n.2, infra). Plaintiff's application is DENIED. This inquiry is beyond the scope of defendants' Rule 30(b)(6) deposition.

      4. Plaintiff objects that Sgt. Nunziato did not know when documents bates-stamped DEF6686 through 6701 were prepared.[5] Plaintiff's Motion on this point is GRANTED. This is clearly a subject area within the scope of defendants' Rule 30(b)(6)

---

[4]. Authority exists for the proposition that the scope of a Rule 30(b)(6) deposition is not necessarily limited to only the matters specifically designated in the deposition notice. See, e.g., Detoy v. City and County of San Francisco, 196 F.R.D. 362, 365-67, (N.D. Cal. 2000); Cabot Corp. v. Yamulla Enterprises, Inc., 194 F.R.D. 499 (M.D. Pa. 2000); Overseas Private Investment Corp. v. Mandelbaum, 185 F.R.D. 67 (D.D.C. 1999). Nonetheless, given the history of the discovery problems in this case and the Court Order specifically limiting the scope of defendants' Rule 30(b)(6) deposition, the Court will strictly limit plaintiff's questioning to only the areas designated in the April 26, 2007 Order. The purpose of the deposition was not to open discovery on a wide-range of issues, but instead to give plaintiff a fair opportunity to discover relevant information about the new documents defendants produced.

[5]. When ask if he knew when the documents were prepared, Sgt. Nunziato testified, "[n]ot off the top of my head." Tr. 19:18-20.

deposition.   When the Rule 30(b)(6) witness is re-deposed he is also Ordered to give testimony regarding the "Promotional Systems Unit" and "Special Projects Unit" as they relate to the subject documents.   The Court DENIES plaintiff's request for an Order requiring the deponent to answer questions about "the source of related documents that had previously been produced" since this inquiry is outside the scope of the Rule 30(b)(6) deposition. Further, defendants are required to make the inquiry posed by plaintiff at page 28, lines 6-17 of Sgt. Nunziato's deposition. Defendants are also required, if not already done, to ask the Special Projects and Promotional Systems Units to produce all documents related to the evaluation or ranking of plaintiff.   The deponent is also required to identify the inquiries defendants made regarding the received reports. Sgt. Nunziato Tr. 28:18-25. This inquiry is within the scope of the Court's Order.   In addition, the deponent is directed to provide a complete answer to the inquiry regarding whether anyone under his command evaluated the information.  Sgt. Nunziato Tr. 37:23-25 to 38:1-4.  Further, the deponent is Ordered to respond to the following inquiry which is unquestionably within the scope of the Court's Order:

> Q.  Do you know whether these documents that we have identified that you have requested from the Special Projects Unit were used in any way to rank, rate or evaluate Sgt. Harris?

A.  I have no idea how they were used.  Sgt. Nunziato
Tr. 42:13-17.[6]

The Court will now address the various forms of relief
plaintiff requests in his Motion.  First, plaintiff asks the Court
to Order defendants to pay their fees and expenses in connection
with the Rule 30(b)(6) deposition in the amount of $1,750 for fees
and $124.40 for costs.  This request is GRANTED in part and DENIED
in part.  The only reason defendants' Rule 30(b)(6) deposition had
to be taken was because of defendants' late document production.
Accordingly, it is not equitable to saddle plaintiff with the cost
of a deposition necessitated by defendants' failure to comply with
deadlines and Orders in the case.  The Court has reviewed
plaintiff's application and determined that five (5) hours of time
at $250.00 per hour and $124.40 in expenses should be reimbursed.
The Court has the authority to impose these costs on defendants.
See Fed. R. Civ. P. 37 (b)(2), (c)(1) and (d); Fitz, Inc. v. Ralph
Wilson Plastics Co., 174 F.R.D. 587, 592 (D.N.J. 1997).  The Court,
however, denies plaintiff's request for sanctions.

Second, plaintiff asks for an Order requiring defendants
to produce for deposition a prepared Rule 30(b)(6) witness at

---

6.  Defendants were under a duty to make a conscientious effort
to prepare its designee witness in order that he could answer
fully, completely and unevasively.  Mitsui & Co. (U.S.A.), Inc.,
supra.  Given the clear relevance of this question and the fact
that it fits squarely within the scope of this Court's April 26,
2007 Order, the Court has good grounds to question whether
defendants completed a conscientious effort to prepare its Rule
36(b)(6) witness.

defendants' sole cost and expense.  This relief is GRANTED but only to the extent described in this Order.  Defendants are required to produce a Rule 30(b)(6) witness to testify about only those areas identified in this Order.[7]  All reasonable costs and expenses of the deposition, including the court reporter and deposition transcript, shall be paid by defendants.  This cost-shifting is necessitated by the fact that defendants' deponent was not prepared to address the relevant inquiries identified in the  Court's Order.  The Court has the authority to impose these costs on defendants. Id.  If the parties do not agree on plaintiff's fees to be reimbursed for the continued deposition, plaintiff shall make a separate application to the Court.

Third, plaintiff asks this Court to reconsider its April 26, 2007 Order refusing to bar defendants from using at trial any performance related materials supplied after the discovery deadline.  Plaintiff's request is DENIED.  Plaintiff deposed defendants on this topic and thus is not prejudiced by the late production.

Fourth, plaintiff asks this Court to reconsider its Order denying plaintiff's request that defendants answer his fourth

_____

7.  Defendants are free to designate whomever they want to testify so long as the witness is prepared to provide meaningful and responsive answers.  The Court will not hesitate to impose sanctions on defendants if the witness they produce is not properly prepared to testify thus necessitating yet another deposition.  Defendants are on clear notice of the subject areas that will be covered at the continued deposition.

request for production of documents.  Plaintiff's request is DENIED.  Fact discovery in this case is complete.  The only ongoing discovery relates to defendants' late production of documents.

Fifth, plaintiff asks this Court to Order Lt. Jillson to appear for deposition at his sole cost and expense to address questions related to his handwritten notes produced after the end of discovery.  Plaintiff's request is GRANTED.  On May 29, 2007, defendants produced handwritten notes authored by Lt. Jillson that concern plaintiff and his job performance.  This Court Ordered defendants to transcribe the notes which were difficult to read. The Court has reviewed the typed transcript (see Doc. No. 153-6 at pp. 1-11) and has determined that numerous diary entries are relevant to the issues in this case.  In fact, it is inconceivable that defendants could contest the relevancy of the notes.[8]  As a result plaintiff must have a fair opportunity to depose Lt. Jillson regarding his notes.  Defendants' complaint that this necessitates that Lt. Jillson be deposed a third time is meritless.  To date, Lt. Jillson has only been deposed one time in his individual

---

8.  For example, the notes document plaintiff's complaints to the NJSP of discrimination and harassment (see, e.g., 8/1/03, 9/28/03, 4/26/04, 3/24/05).  The notes also appear to indicate that the Attorney General's Office "approved transfer of Sgt. Harris ref. Sgt. Fromosky's complaint." (10/27/03).  Further, the fact that Lt. Jillson prepared a detailed diary regarding plaintiff may be relevant to whether plaintiff was treated differently than other similarly situated troopers.  Even if Lt. Jillson posits a plausible explanation for his diary entries, plaintiff has the right to know what it is which can only be learned at a deposition.

capacity.  Defendants, not plaintiff, designated Lt. Jillson to testify as a Rule 30(b)(6) witness.  Further, the only reason Lt. Jillson must appear for deposition is because defendants produced his clearly relevant notes after fact discovery closed.  The sole "blame" for the need for a new deposition lies with defendants. Further, the Court notes that another deposition would not be necessary if defense counsel permitted Lt. Jillson to testify about the notes at his July 19, 2007 deposition.  While it is true the notes did not fall squarely within the "four corners" of this Court's April 26, 2007 Order, defense counsel should have known and expected that the Court would give plaintiff a fair opportunity to question Lt. Jillson about his notes.  Further, since the notes are cryptic, defense counsel should have acknowledged and conceded that fairness dictated that plaintiff be given the right to question Lt. Jillson about his notes.  Plaintiff is therefore granted leave to depose Lt. Jillson in his individual capacity solely about his handwritten notes for a total of three (3) hours.  The deposition shall be taken on August 23, 2007 at 10:00 a.m., in Courtroom 3C. For the reasons already discussed, all costs and fees related to this deposition shall be borne by defendants.

Accordingly, for all the foregoing reasons, it is hereby ORDERED this 21st day of August, 2007 that defendants shall produce for deposition a Rule 30(b)(6) witness to answer the inquiries

14

identified in this Order.  This deposition shall be limited to two (2) hours; and

   IT IS FURTHER ORDERED that Lt. Jillson shall appear for deposition to be limited to three (3) hours to testify about his handwritten notes produced on May 29, 2007; and

   IT IS FURTHER ORDERED that the foregoing depositions shall be taken on August 23, 2007 at 10:00 a.m.[9]  The Court shall be notified if any problems arise at the depositions.  Immediately after the conclusion of the depositions the Court will conduct a status conference; and

   IT IS FURTHER ORDERED that defendants shall pay all costs and expenses related to the foregoing depositions, including attorney's fees, court reporter and transcript fees.  If the parties cannot agree on the amount of the attorney's fees to be reimbursed to plaintiff's counsel, plaintiff shall make a separate application to the Court; and

   IT IS FURTHER ORDERED that within thirty (30) days of the date of entry of this Order defendants shall reimburse plaintiff $1,374.40 ($1,250 + $124.40) for the fees and costs plaintiff

---

9.  This Court's August 6, 2007 Amended Scheduling Order put the parties on notice that they should reserve August 23, 2007 for continued depositions in the case.  See Doc. No. 154 at ¶1.  The Court also notes that when defendants filed their Motion for Summary Judgment on August 14, 2007 [Doc. No. 156], they were aware of plaintiff's request to conduct additional relevant discovery and therefore discovery was not "closed."

incurred because of his need to take defendants' Rule 30(b)(6) deposition; and

IT IS FURTHER ORDERED that all current deadlines in the case shall remain in effect.


s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge

16